# EXHIBIT 1

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>11/10/2020 03:15:09 PM<br>Case #: **20-CI-00664**<br>87453-1<br>Court:  **CIRCUIT**<br>County: **BULLITT** |

*Plantiff,* **CRABLE, LORIE VS. THE STANDARD FIRE INSURANCE COMPANY**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is THE STANDARD FIRE INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**THE STANDARD FIRE INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Paulita A. Keith*
Bullitt Circuit Clerk
Date: **9/13/2020**

Presiding Judge: HON. RODNEY BURRESS (655271)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: @00000211903
CIRCUIT: 20-CI-00664 Certified Mail
CRABLE, LORIE VS. THE STANDARD FIRE INSURANCE COMPANY



Page 1 of 1

eFiled

COMMONWEALTH OF KENTUCKY
BULLITT CIRCUIT COURT
DIVISION _____
NO.-_____

*ELECTRONICALLY FILED*

LORIE CRABLE                                                PLAINTIFF

v.

THE STANDARD FIRE INSURANCE COMPANY           DEFENDANT

     SERVE: Corporation Service Company
               421 West Main Street
               Frankfort, KY 40601

## **COMPLAINT**

    Comes now Plaintiff, Lorie Crable, by counsel, and for her complaint, states as follows:

    1. At all relevant times herein, Plaintiff was/is a resident of Bullitt County, Kentucky.

    2. That Defendant, The Standard Fire Insurance Company (hereinafter "Standard Fire") is and was at all times mentioned herein a duly authorized insurance company licensed to do business in Kentucky. It bears KY DOI #301068. It conducts business within Jefferson County Kentucky, and the Commonwealth of Kentucky at large.

    3. That on or about May 22, 2018 on Old Mill Road in Mt. Washington, Bullit County, Kentucky, Paige Schabel negligently operated her vehicle in such a careless manner so as to cause her vehicle to collide with the vehicle occupied by Plaintiff.

    4. As a direct and proximate result of the aforementioned collision, Plaintiff was caused to sustain injuries including past and future medical expenses, increased risk of harm, lost wages, decreased capacity to labor and earn wages in the future, lost enjoyment of life, and past and future pain and suffering/emotional distress/inconvenience.

1

5. That Paige Schabel's insurance company, Nationwide, tendered their policy limits of $25,000.00 to Plaintiff. Pursuant to KRS 304.39-320(3), the Defendant, Standrard Fire, refused to substitute the tender. Plaintiff subsequently accepted the policy limits and now proceeds against Standard Fire for underinsured motorist coverage.

6. That on or about May 22, 2018, the date of the aforesaid collision, Plaintiff was insured under a certain automobile insurance policy issued by Standard Fire.

7. That the aforementioned insurance policy constitutes an agreement whereby Standard Fire among other things provided underinsured motorists insurance coverage for the benefit of the Plaintiff.

8. That pursuant to the underinsured motorist insurance coverage provisions of the aforementioned insurance policy, Standard Fire has agreed to pay and is liable to Plaintiff for all sums or losses over Paige Schabel's liability coverage which the Plaintiff shall be legally entitled to recover as damages from the owner or operator of an underinsured motor vehicle because of bodily injury, sickness or disease sustained by an insured and caused by an accident arising out of the ownership, maintenance or use of an underinsured motor vehicle.

9. That at the time of the aforesaid collision on May 22, 2018, Paige Schabel was the operator and the owner of an underinsured motor vehicle and, therefore, Plaintiff is insured under the underinsured motorist insurance provisions of the aforementioned insurance policy.

10. That Plaintiff has performed each and every condition precedent to impose liability on Standard Fire, pursuant to the terms and provisions of the aforesaid insurance policy.

11. That to the extent of the limits of liability as provided in the aforementioned insurance policy, Plaintiff is entitled to recover against Standard Fire all loss or damage which she may have sustained by reason of the aforementioned collision with the underinsured

motorist, Paige Schabel, to the extent of the sums of the limits of the aforementioned insurance policy.

WHEREFORE, Plaintiff respectfully demands as follows:

1. Judgment against the Defendant, The Standard Fire Insurance Company, to the extent of the sums of the limits of the insurance policy;

2. Prejudgment and post-judgment interest;

3. Her costs expended herein, including attorneys' fees; and

4. Any and all other relief to which the Plaintiff may appear entitled.

Respectfully Submitted,

/s/ *J. Tate Meagher*
J. Tate Meagher
MEAGHER LAW OFFICE, PLLC
1041 Goss Avenue
Louisville, KY 40217
(502) 309-9213 (office)
(502) 587-2006
tate@meagherlawoffice.com
*Counsel for Plaintiff*

3

COMMONWEALTH OF KENTUCKY
BULLITT CIRCUIT COURT
DIVISION ONE
CIVIL ACTION 20-CI-00664

*Electronically Filed*

LORIE CRABLE                                                                    PLAINTIFF

v.    **DEFENDANT, THE STANDARD FIRE INSURANCE COMPANY'S
       ANSWER TO PLAINTIFF'S COMPLAINT**

THE STANDARD FIRE INSURANCE COMPANY                                             DEFENDANT

* * * * *

Comes the Defendant, The Standard Fire Insurance Company (hereinafter "Standard Fire"), by Counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Standard Fire, either in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

1.      Standard Fire is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.      Standard Fire admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Standard Fire is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies same.

4. Standard Fire denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Standard Fire denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated. However, Standard Fire admits that it did not advance the settlement between Plaintiff and Paige Schabel.

6. Standard Fire denies the allegations contained in Paragraph 6 of Plaintiff's Complaint as stated. However, Standard Fire admits that it issued a policy of insurance to Plaintiff that contained Underinsured Motorist Coverage (Policy No.: 6002611612031), the terms and conditions of which speak for themselves.

7. Standard Fire denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as stated. However, Standard Fire admits that it issued a policy of insurance to Plaintiff that contained Underinsured Motorist Coverage (Policy No.: 6002611612031), the terms and conditions of which speak for themselves.

8. Standard Fire denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as stated. However, Standard Fire admits that it issued a policy of insurance to Plaintiff that contained Underinsured Motorist Coverage (Policy No.: 6002611612031), the terms and conditions of which speak for themselves.

9. Standard Fire denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Standard Fire denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Standard Fire denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Any and all other allegations contained in Plaintiff's Complaint which are not specifically admitted herein are denied.

### THIRD DEFENSE

The Plaintiff's injuries and/or damages, if any, may have been caused in whole or in part by her own negligence and/or the negligence of a third party for whom Standard Fire is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

### FOURTH DEFENSE

The Plaintiff's claims may be barred in whole or in part by KRS 304.39-010 *et seq.*, otherwise known as the Kentucky Motor Vehicle Reparations Act, which Standard Fire adopts and incorporates herein as an affirmative defense.

### FIFTH DEFENSE

The Plaintiff may have failed to name indispensable parties to this action and Standard Fire relies upon same as an affirmative defense.

### SIXTH DEFENSE

The Plaintiff's claims may be barred in whole or in part by the terms, provisions, conditions and/or exclusions contained within the insurance policy issued by Standard Fire and Standard Fire relies upon same as an affirmative defense.

### SEVENTH DEFENSE

Standard Fire provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during

discovery and Standard Fire reserves the right to assert additional defenses, whether affirmative or otherwise about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

　　　　WHEREFORE, the Defendant, The Standard Fire Insurance Company, by Counsel, respectfully demands as follows:

1. That the Plaintiff's Complaint against it be dismissed *with prejudice*;
2. For its costs herein expended, including reasonable attorney's fees;
3. For a trial by jury on all issues so triable; and
4. For any and all other relief, legal or equitable to which it may appear entitled.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　SCHILLER BARNES MALONEY PLLC

　　　　　　　　　　　　　　　　*/s/ Blake V. Edwards*
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Blake V. Edwards, Esq.
　　　　　　　　　　　　　　　　Daniel I. Wenig, Esq.
　　　　　　　　　　　　　　　　401 West Main Street, Suite 1600
　　　　　　　　　　　　　　　　Louisville, KY 40202
　　　　　　　　　　　　　　　　PH: (502) 625-1703
　　　　　　　　　　　　　　　　FAX: (502) 779-9348
　　　　　　　　　　　　　　　　bedwards@sbmkylaw.com
　　　　　　　　　　　　　　　　dwenig@sbmkylaw.com
　　　　　　　　　　　　　　　　*Counsel for Defendant, The Standard Fire Insurance Company*

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing has been electronically filed with the Ky. e-Filing system on this 30th day of September, 2020, and electronic notice of same will be sent to the follow Counsel of record:

J. Tate Meagher, Esq.
Meagher Law Office, PLLC
1041 Goss Avenue
Louisville, KY 40217
tate@meagherlawoffice.com
*Counsel for Plaintiff*

*/s/ Blake V. Edwards*

SCHILLER BARNES MALONEY PLLC